UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil No.: _____ |
| ONE (1) STAG ARMS SOAR MACHINE GUN RECEIVER/FRAME CAL: 5.56 BEARING SERIAL NUMBER FF00016; ONE (1) STAG ARMS SOAR MACHINE GUN RECEIVER/FRAME CAL: 5.56 BEARING SERIAL NUMBER FF00017; ONE (1) STAG ARMS SOAR MACHINE GUN RECEIVER/FRAME CAL: 5.56 BEARING SERIAL NUMBER FF00018; ONE (1) STAG ARMS SOAR MACHINE GUN RECEIVER/FRAME CAL: 5.56 BEARING SERIAL NUMBER FF00019; TWENTY-TWO (22) STAG ARMS STAG-16 MACHINE GUN RECEIVERS/ FRAMES CAL: 5.56 BEARING NO SERIAL NUMBERS; ONE (1) UNKNOWN MANUFACTURER/MODEL MACHINE GUN RECEIVER/FRAME CAL: UNKNOWN BEARING SERIAL NUMBER 04953; ONE (1) STAG ARMS SOAR RECEIVER/FRAME CAL: UNKNOWN BEARING SERIAL NUMBER FF090076; ONE (1) STAG ARMS FERFRANS SOAR MACHINE GUN RECEIVER/FRAME CAL: 5.56 BEARING NO SERIAL NUMBER; ONE (1) STAG ARMS FERFRANS SOAR MACHINE GUN RECEIVER/FRAME CAL: 5.56 WITH OBLITERATED SERIAL NUMBER; SIX (6) STAG ARMS STAG-15 MACHINE GUN RECEIVERS/FRAMES CAL: 5.56 BEARING NO SERIAL NUMBERS; FIVE (5) UNKNOWN MANUFACTURER/MODEL MACHINE GUN RECEIVERS/FRAMES OF UNKNOWN CALIBER BEARING NO SERIAL NUMBERS; TWENTY-THREE (23) STAG ARMS STAG-16 | : | |

MACHINE GUN RECEIVERS/FRAMES CAL: :
5.56 BEARING NO SERIAL NUMBERS; :
ELEVEN (11) STAG ARMS STAG-16 :
MACHINE GUN RECEIVERS/FRAMES CAL: :
5.56 BEARING NO SERIAL NUMBER; ONE (1) :
STAG ARMS FERFRANS SOAR MACHINE :
GUN RECEIVER/FRAME CAL: 5.56 :
BEARING NO SERIAL NUMBER; TWO (2) :
STAG ARMS FERFRANS SOAR MACHINE :
GUN RECEIVERS/FRAMES CAL: 5.56 :
BEARING NO SERIAL NUMBERS; TWENTY- :
FOUR (24) STAG ARMS FERFRANS :
SOAR MACHINE GUN RECEIVERS/FRAMES :
CAL: 5.56 BEARING NO SERIAL NUMBERS; :
ONE (1) STAG ARMS FERFRANS SOAR :
MACHINE GUN RECEIVER/FRAME CAL: :
5.56 BEARING NO SERIAL NUMBER; ONE (1) :
STAG ARMS STAG-16 MACHINE GUN :
RECEIVER/FRAME CAL: 5.56 BEARING NO :
SERIAL NUMBER; ONE (1) STAG ARMS :
FERFRANS SOAR MACHINE GUN RECEIVER/ :
FRAME OF UNKNOWN CALIBER AND :
BEARING NO SERIAL NUMBER; ONE (1) :
UNKNOWN MANUFACTURER/MODEL :
MACHINE GUN RECEIVER/FRAME CAL: :
5.56 BEARING NO SERIAL NUMBER; ONE :
(1) STAG ARMS STAG-16 MACHINE GUN :
RECEIVER/FRAME CAL: 5.56 BEARING NO :
SERIAL NUMBER; ONE (1) STAG ARMS :
FERFFRANS SOAR MACHINE GUN :
RECEIVER/FRAME CAL: 5.56 BEARING NO :
SERIAL NUMBER; AND ONE (1) STAG ARMS :
FERFRANS SOAR MACHINE GUN RECEIVER/ :
FRAME CAL: 5.56 BEARING :
SERIAL NUMBER FF100238, :
:
                Defendants. :
:
[CLAIMANTS: STAG ARMS, LLC AND :
MARK MALKOWSKI] : May 6, 2015

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by and through its attorneys, Deirdre M. Daly, United

States Attorney for the District of Connecticut, and John B. Hughes, Assistant United States

Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: One (1) Stag Arms SOAR Machine Gun Receiver/Frame CAL: 5.56 Bearing Serial Number FF00016; One (1) Stag Arms SOAR Machine Gun Receiver/Frame CAL: 5.56 Bearing Serial Number FF00017; One (1) Stag Arms SOAR Machine Gun Receiver/Frame CAL: 5.56 Bearing Serial Number FF00018; One (1) Stag Arms SOAR Machine Gun Receiver/Frame CAL: 5.56 Bearing Serial Number FF00019; Twenty-Two (22) Stag Arms STAG-16 Machine Gun Receivers/Frames CAL: 5.56 Bearing No Serial Numbers; One (1) Unknown Manufacturer/Model Machine Gun Receiver/Frame CAL: Unknown Bearing Serial Number 04953; One (1) Stag Arms SOAR Receiver/Frame CAL: Unknown Bearing Serial Number FF090076; One (1) Stag Arms FERFRANS SOAR Machine Gun Receiver/Frame CAL: 5.56 Bearing No Serial Number; One (1) Stag Arms FERFRANS SOAR Machine Gun Receiver/Frame CAL: 5.56 with Obliterated Serial Number; Six (6) Stag Arms STAG-15 Machine Gun Receivers/Frames CAL: 5.56 Bearing No Serial Numbers; Five (5) Unknown Manufacturer/Model Machine Gun Receivers/Frames of Unknown Caliber Bearing No Serial Numbers; Twenty-Three (23) Stag Arms STAG-16 Machine Gun Receivers/Frames CAL: 5.56 Bearing No Serial Numbers; Eleven (11) Stag Arms STAG-16 Machine Gun Receivers/Frames CAL: 5.56 Bearing No Serial Number; One (1) Stag Arms FERFRANS SOAR Machine Gun Receiver/Frame CAL: 5.56 Bearing No Serial Number; Two (2) Stag Arms FERFRANS SOAR Machine Gun Receivers/Frames CAL: 5.56 Bearing No Serial Numbers; Twenty-Four (24) Stag Arms FERFRANS SOAR Machine Gun Receivers/Frames CAL: 5.56

Bearing No Serial Numbers; One (1) Stag Arms FERFRANS SOAR Machine Gun Receiver/Frame CAL: 5.56 Bearing No Serial Number; One (1) Stag Arms STAG-16 Machine Gun Receiver/Frame CAL: 5.56 Bearing No Serial Number; One (1) Stag Arms FERFRANS SOAR Machine Gun Receiver/Frame of Unknown Caliber and Bearing No Serial Number; One (1) Unknown Manufacturer/Model Machine Gun Receiver/Frame CAL: 5.56 Bearing No Serial Number; One (1) Stag Arms STAG-16 Machine Gun Receiver/Frame CAL: 5.56 Bearing No Serial Number; One (1) Stag Arms FERFFRANS SOAR Machine Gun Receiver/Frame CAL: 5.56 Bearing No Serial Number; and One (1) Stag Arms FERFRANS SOAR Machine Gun Receiver/Frame CAL: 5.56 Bearing Serial Number FF100238 (hereinafter, "Defendant Firearms") for violations of the National Firearms Act, 26 U.S.C. § 5872.

## THE DEFENDANTS IN REM

2. The Defendant Firearms were seized on or about September 3, 2014 from Stag Arms, LLC at locations identified as 119 John Downey Drive, New Britain, Connecticut, and 515 John Downey Drive, New Britain, Connecticut, pursuant to validly obtained Federal Search Warrants attached hereto as Exhibit "A" and incorporated herein by reference.

3. Stag Arms, LLC and Mark Malkowski in his capacity as CEO of Stag Arms, LLC, have submitted administrative claims of ownership as to the Defendant Firearms.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this forfeiture action pursuant to 26 U.S.C. § 5872. Venue is proper under 28 U.S.C. § 1395(b).

5. The Defendant Firearms were found in various states of completion, along with parts, receivers and frames, accessories and appurtenances. It is believed that all firearms seized were manufactured by Stag Arms, LLC and/or CMT.

## BASIS FOR FORFEITURE

6. The Defendant Firearms are subject to forfeiture pursuant to 26 U.S.C. § 5872 for violations of the National Firearms Act.

7. The National Firearms Act ("NFA"), Chapter 53 of the Internal Revenue Code ("IRC"), 26 U.S.C. § 5801, *et seq.*, regulates the importation, transfer and possession of certain firearms. Chapter 53 of the IRC is enforced by the Attorney General and the term "Secretary" or "Secretary of the Treasury" when used in Chapter 53 means the Attorney General. 26 U.S.C. § 7801(a)(2)(A). Section 5841, Title 26, United States Code, provides that the Attorney General shall maintain a central registry of all NFA firearms in the United States, which are not in the possession or under the control of the United States. This registry shall be known as the National Firearms Registration and Transfer Record ("NFRTR"). The registry shall include: (1) identification of the firearm; (2) date of registration; and (3) identification and address of person entitled to possession of the firearm.

8. The term "firearm" is defined in the NFA to include a "machine gun." 26 U.S.C. § 5845(a)(6). The term "machine gun," means "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or a combination of parts designed and intended, for use in converting a weapon into a machine gun, and any combination of parts from which a machine gun can be assembled if such parts are in the possession or under the control of a person." 26 U.S.C. § 5845(b).

9. It is unlawful for any person:

a) to engage in business as a manufacturer or importer of, or dealer in, firearms without having paid the special (occupational) tax required by section 5801 for his business or having registered as required by section 5802; or

(b) to receive or possess a firearm transferred to him in violation of the provisions of this chapter; or

(c) to receive or possess a firearm made in violation of the provisions of this chapter; or

(d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record; or

(e) to transfer a firearm in violation of the provisions of this chapter; or

(f) to make a firearm in violation of the provisions of this chapter; or

(g) to obliterate, remove, change, or alter the serial number or other identification of a firearm required by this chapter; or

(h) to receive or possess a firearm having the serial number or other identification required by this chapter obliterated, removed, changed, or altered; or

(i) to receive or possess a firearm which is not identified by a serial number as required by this chapter; or

(j) to transport, deliver, or receive any firearm in interstate commerce which has not been registered as required by this chapter; or

(k) to receive or possess a firearm which has been imported or brought into the United States in violation of section 5844; or

(l) to make, or cause the making of, a false entry on any application, return, or record required by this chapter, knowing such entry to be false.

26 U.S.C. § 5861

## BACKGROUND OF INVESTIGATION

10. During the months of July and August, 2014, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Industry Operations Investigators ("IOI") performed a firearms compliance inspection of Federal Firearm Licensee ("FFL"), Stag Arms, LLC's two manufacturing facilities located at 119 John Downey Drive and 515 John Downey Drive, New

6

Britain, Connecticut. Stag Arms, LLC ("Stag") is owned and operated by the Claimant, Mark Malkowski. The Stag location at 119 John Downey Drive is co-located with CMT, another FFL. CMT is owned and operated by Mark Malkowski's father, Tadeusz Malkowski. During inspection of Stag and CMT, ATF IOI's discovered numerous violations of federal firearms laws and regulations.

11. The IOI's completed a 100% inventory of all firearms on hand and within the locked room and safe at 119 John Downey Drive.

12. During the inspection of Stag at 119 John Downey Drive, IOI's located approximately 3000 firearm receivers that had been manufactured by Stag, none of which had been serialized. Claimant Mark Malkowski stated that the aforementioned un-serialized receivers were, manufactured by Stag. The receivers were marked "Stag Arms, New Britain, CT, USA."

13. Tadeusz Malkowski advised the IOIs that the un-serialized receivers had been on the premises for more than seven (7) and up to thirty (30) days because the employee who serializes the receivers was on vacation. The un-serialized receivers were initially observed by the IOIs on July 15, 2014 during the course of the firearms compliance inspection and were again observed seven days later on July 22, 2014.

14. A sample of the 3000 un-serialized receivers from the 119 John Downey Drive location were sent to the ATF Firearms Technology Branch for analysis, where it was determined that the submissions qualified as "firearms" under 18 U.S.C. § 921(a)(3).

15. During the course of the inspection, no ATF compliant firearm manufacturing or disposition records were found located at the 119 John Downey Drive location in violation of 18 U.S.C. § 923(g)(1)(A) and 27 CFR § 478.123.

16. The firearms compliance inspection continued at Stag's 515 John Downey Drive, New Britain, Connecticut location. IOIs located approximately 136 un-serialized receivers that were manufactured by Stag. A Stag employee informed the IOIs that these receivers had been at the 515 John Downey Drive location for a period of time up to a few years and that the receivers were not serialized in order to duplicate serial numbers of firearms or receivers that were damaged. This practice is in violation of 18 U.S.C. § 923(i), 27 C.F.R. 478.92, 26 U.S.C. § 5842(a) and 26 U.S.C. § 5861(i).

17. It was revealed that Stag had manufactured the 136 un-serialized receivers at the 119 John Downey Drive location, and had been manufacturing them there since at least 2011. Licensed firearm manufacturers must mark and serialize all completed firearms (including receivers) prior to them being sold, shipped, or otherwise disposed of. Therefore, the transfer of these un-serialized receivers from the 119 John Downey Drive location to the 515 John Downey Drive location is in violation of 26 U.S.C. § 5812, 26 U.S.C. §5861(b), 27 C.F.R. 478.92 and 27 C.F.R. 478.123.

18. A sample of the approximate 136 un-serialized receivers from the 515 John Downey Drive location was sent to the ATF Firearms Technology Branch for analysis, where it was determined that the submissions qualified as "firearms" under 26 U.S.C. § 5845(a).

19. During the course of the inspection, no ATF compliant firearm manufacturing, acquisition, or disposition records were found located at the 515 John Downey Drive location in violation of 18 U.S.C. § 923(g)(1)(A) and 27 CFR § 478.123.

20. The Defendant Firearms are all included and a part of the total firearms seized as outlined in the returns on the search warrants executed September 3, 2014 at 119 and 515 John Downey Drive, New Britain, Connecticut, attached hereto as Exhibit "B."

21. The Defendant Firearms qualify as machine guns within the meaning of 26 U.S.C. § 5845(a)(6) and § 5845(b).

22. None of the Defendant Firearms were properly registered to Stag, and thus Stag's possession of them violated the NFA.

23. Any NFA firearm involved in a violation of the NFA is subject to seizure and forfeiture. 26 U.S.C. § 5872(a).

24. By reason of the facts set forth and incorporated herein, the Defendant Firearms are properly condemned as forfeited to the United States of America pursuant to 26 U.S.C. § 5872.

WHEREFORE, the United States of America respectfully request that a warrant of arrest in rem issue for the arrest of the Defendant Firearms; that notice of this action be given to all persons known or thought to have an interest in or right against the Defendant Firearms; that judgment of forfeiture be entered in favor of the United States for the Defendant Firearms; and that the United States be granted such relief as this Honorable Court deem just and equitable, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED

DEIRDRE M. DALY
UNITED STATES ATTORNEY

/s/ John B. Hughes
JOHN B. HUGHES (ct05289)
ASSISTANT UNITED STATES ATTORNEY
CHIEF, CIVIL DIVISION
157 CHURCH STREET, 25TH FLOOR
NEW HAVEN, CT 06510
PHONE: (203) 821-3700
FAX: (203) 773-5373

## DECLARATION

I, Special Agent Joanna B. Lambert, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, that I have read the foregoing Verified Complaint In Rem and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except that those matters not within my own personal knowledge are alleged on information and belief, and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with other officers, as a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this 6th day of May, 2015.

                                                  /s/ Joanna B. Lambert
                                            JOANNA B. LAMBERT
                                            SPECIAL AGENT
                                            BUREAU OF ALCOHOL, TOBACCO,
                                            FIREARMS AND EXPLOSIVES